UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth D. Rivera,                          )<br>                                                    )<br>                         Plaintiff,        )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>Sergeant Leonard and Officer Ponder,  )<br>                                                    )<br>                         Defendants.   )<br>_____ ) | C/A No. 5:15-cv-01191-DCN-KDW<br><br><br><br><br>Report and Recommendation |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment filed on September 15, 2015. ECF No. 55. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on September 16, 2015, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 56. Plaintiff responded to the Motion for Summary Judgment on September 23, 2015, ECF No. 62, and Defendants filed a Reply on October 5, 2015, ECF No. 67. On October 30, 2015, Plaintiff filed a Sur-Reply. ECF No. 74. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

I.      Factual and Procedural Background

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Kenneth D. Rivera was a pre-trial detainee at Greenville County Detention Center ("GCDC") during the time period relevant to his Complaint.[2] ECF No. 1. In his Complaint, Plaintiff maintains causes of action against Defendants for excessive force in connection with a February 5, 2015 altercation. *Id.* at 3. Plaintiff states he is bringing causes of action for violations of his Eighth and Fifth Amendment rights. *Id.* at 2. Plaintiff seeks: a declaration that the acts and omissions described in his Complaint violated his Constitutional rights; a preliminary and permanent injunction; $10,000 in compensatory damages from each Defendant; $10,000 in punitive damages from each Defendant; a jury trial; costs; and any additional relief this court deems just proper and equitable. *Id.* at 5.

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

---

[2] According to Defendants, Plaintiff was transferred to SCDC on March 9, 2015, "after pleading guilty to charges of armed robbery, possession of a weapon during a violent crime, and possession of a firearm by a person convicted of a violent crime." ECF No. 55-1 at 1.

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

   III.   Analysis

       A.  Failure to Exhaust

Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 55-1 at 4-6. Specifically, Defendants argue that on February 28, 2015, Plaintiff filed a grievance related to the February 5, 2015 incident. *Id.* at 6. Thereafter, Defendants represent that "[t]he Jail Administrator reviewed Plaintiff's grievance and determined that the incident was handled properly [and] Plaintiff was notified of the Jail Administrator's decision on March 2, 2015." *Id.* Defendants further represent that Plaintiff never appealed the decision of the Jail Administrator. *Id.* In his Response to Defendants' Motion, Plaintiff maintains that he "never received the grievance he filed beyond the '15 day limit after a (sic) incident.'" ECF No. 62 at 3. Further, Plaintiff represents that he "did exhaust his remedies

3

[but] defendants fail[ed] to respond." *Id.* Moreover, Plaintiff argues that Defendants failed to produce any evidence or proof of said grievance. *Id.* at 4.

In their Reply, Defendants argue that Plaintiff's claim that he did not receive the Jail Administrator's response lacks credibility; that Plaintiff was aware of the grievance procedure within GCDC; and a June 16, 2015 grievance demonstrates Plaintiff's knowledge of the process and expectation that he would receive a response. ECF No. 67 at 2. In his Sur-Reply, Plaintiff admits that he filed a grievance on February 28, 2015, but maintains that he never received a response to it before his transfer to SCDC on March 9, 2015. ECF No. 74 at 1.

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739). Further, pretrial detainees, which Plaintiff was at all times relevant to these claims, are required to exhaust administrative remedies. *See* 42 U.S.C.A. 1997e(h) (defining "prisoner" for PLRA purposes as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see also Rutland v.*

*Dewitt*, C/A No. 8:09-13-SB, 2010 WL 288217, *5 & n.1 (D.S.C. Jan. 25, 2010) (applying PLRA to pretrial detainee).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement. Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Defendants attached the GCDC Inmate Grievance Procedure ("Grievance Policy") as an Exhibit to their Motion. ECF No. 55-2. Pursuant to the "Standard Grievances" section of the Grievance Policy, "[a]n inmate may file a formal, written grievance by completing an Inmate Request Form, GCDC Form 502, any time within fifteen days after a potentially grievable event has occurred." *Id.* at 6. Once the grievance form is completed, it is forwarded to the Building Supervisor or Watch Commander. *Id.* at 7. "When an answer is not to the satisfaction of the inmate, or the Building Supervisor or Watch Commander is unable to resolve the complaint by end of their shift, the grievance is forwarded to the Jail Administrator." *Id.* Once forwarded to the Jail Administrator,

"[t]he Jail Administrator shall review the grievance to determine if any policies and procedures were or are being violated [and] [t]he inmate will be notified of the Jail Administrator's decision and the reason listed in the 'Action Taken' portion of the Inmate Request Form normally within five days." *Id.* Under the "Appeal Procedures" section of the Grievance Policy, "[i]f the grievance is not resolved to the inmate's satisfaction, the inmate may make a final appeal to the Assistant County Administrator for the Department of Public Safety within 5 days of notification of the Jail Administrator's decision." *Id.*

Based on the undersigned's review of the evidence before the court, Plaintiff did not exhaust his administrative remedies. Rather, the evidence before the court demonstrates that Plaintiff filed only the initial grievance form and did not appeal the decision of the County Administrator. In an Affidavit, Officer Bodiford attests that he is the Jail Administrator of GCDC, and inmates are provided a copy of the Grievance Policy in the GCDC Inmate Orientation Handbook. ECF No. 55-2 ¶¶ 1, 4. Additionally, Officer Bodiford represents: "On February 28, 2015, while he was an inmate at GCDC, [Plaintiff] filed a GCDC form 502 relating to the February 5, 2015 incident. On March 2, 2015, I responded to this request. [Plaintiff] was notified of my decision." *Id.* ¶ 8. Further, Officer Bodiford avers "GCDC has no record of any appeals submitted by [Plaintiff] regarding the February 28, 2015 GCDC Form 502 that he filed." *Id.* ¶ 9.

In a January 29, 2016 filing, Plaintiff provided the court with several items he received pursuant to a subpoena request. ECF No. 86. Plaintiff's February 28, 2015 grievance was part of the information Plaintiff provided to the court. *See id.* at 5. In "Action Taken," the following information is listed: "Your incident was reviewed by the jail administrator, he determined the incident was handled properly." *Id.* Officer Bodiford's signature is affixed to the grievance and

6

dated March 2, 2015. *Id.* Additionally, Plaintiff's initials are noted in the "Yes" line next to "Inmate Notified." *Id.*

Based on the Exhibits filed by the parties and based on Plaintiff's own admissions, it is clear to the undersigned that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. Plaintiff did not file or attempt to file an appeal from his initial grievance. Accordingly, he has failed to exhaust his administrative remedies. *See Wagner*, 486 F. Supp. 2d at 558. The undersigned notes Plaintiff's argument that he never received a response to his grievance and represents that he "never initial[led] his name on the grievance he filed on February 28, 2015 [that] Defendants forge[d] his initials." ECF No. 86. However, this representation lacks merit and is contrary to every other piece of evidence before the court. *Ross v. Commc'ns Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989) (holding conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion).

Therefore, the undersigned recommends that Defendants' Motion for Summary Judgment be granted because Plaintiff failed to exhaust his available administrative remedies before filing this action. *See Pozo,* 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *see also Blevins v. Loranth*, No. 09-788-TLW-BM, 2010 WL 670099, at *3 (D.S.C. Feb. 22, 2010), ("Plaintiff needed to file and exhaust his administrative claim [] at FCI Williamsburg prior to proceeding with this lawsuit."); *Kirk v. Kirkland*, No. 0:06-1036 MBS-BM, 2006 WL 3759801 at *2 (D.S.C. Dec. 18, 2006) (finding that "before Plaintiff may proceed with his claim in this Court, he must first have exhausted any administrative remedies that were available at the

Detention Center.") (both citing *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34-35 (1st Cir. 2002)).

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 55, be GRANTED and this case be dismissed.

IT IS SO RECOMMENDED.

February 16, 2016                                             Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**