IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| KENNETH D. RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:15-cv-01191-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| SERGEANT LEONARD and OFFICER PONDER, | ) ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the court on United States Magistrate Judge Kaymani D. West's report and recommendation ("R&R") that the court grant defendants Sergeant Leonard and Officer Ponder's ("defendants") motion for summary judgment. For the reasons set forth below, the court adopts the R&R and grants defendants' motion for summary judgment.

## I.  BACKGROUND

      Plaintiff Kenneth D. Rivera ("Rivera"), proceeding pro se, was a pre-trial detainee at Greenville County Detention Center ("GCDC") during the time period relevant to this action. Rivera's claims arise out of an alleged altercation with defendants at GCDC on February 5, 2015. Compl. 3. Rivera alleges that Officer Ponder and Sergeant Leonard threatened him with "caustic gas" and assaulted him because he would not get out of the shower. Id. at 4. According to defendants, Rivera was transferred to SCDC on March 9, 2015 "after pleading guilty to charges of armed robbery, possession of a weapon during a violent crime, and possession of a firearm by a person convicted of a violent crime." Defs.' Mot. 1. Rivera filed suit on March 13, 2015, bringing causes of action pursuant to

1

28 U.S.C. § 1983 for violations of his Eighth and Fifth Amendment rights.[1] Rivera seeks: (1) a declaration that the actions and omissions described in his complaint violated his rights under the constitution; (2) a preliminary and permanent injunction ordering defendants to stop using excessive force; (3) compensatory damages in the amount of $10,000.00 against both defendants; (4) punitive damages in the amount of $10,000.00 against both defendants; (5) a jury trial; (6) costs; and (7) any additional relief this court deems just, proper, and equitable. Id. at 4–5.

Defendants filed a motion for summary judgment on September 15, 2015. Rivera filed a response in opposition to the motion on September 23, 2015, and defendants replied on October 5, 2015. The magistrate judge issued an R&R on February 16, 2016, recommending that the court dismiss Rivera's claims for failure to exhaust his available administrative remedies. Rivera filed timely objections to the R&R on February 25, 2016. Defendants replied to Rivera's objections on March 11, 2016, and Rivera filed a sur-reply on March 18, 2016. The motion has been fully briefed and is ripe for the court's review.

---

[1] Section 1983 provides that:

> "Every person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

42 U.S.C. § 1983. While § 1983 is not a source of substantive rights, it provides an avenue for vindication of rights that arise under the Constitution and laws of the United States. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). To prevail in a § 1983 action, a plaintiff must prove (1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.   STANDARDS

### A.   Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may adopt the portions of the R&R to which the plaintiff did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas, 474 U.S. at 149–50. This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### B.   Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will

not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### C.     Pro Se Plaintiff

Plaintiff proceeds pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.   DISCUSSION

Defendants move for summary judgment, arguing that: (1) there is no genuine issue of material fact; (2) Rivera failed to exhaust his administrative remedies; (3) there is no evidence that defendants used excessive force; (4) there is no evidence that defendants denied Rivera medical treatment; (5) there is no evidence that defendants violated Rivera's Fifth Amendment rights when he was housed in a segregated cell; (6) defendants are entitled to qualified immunity from Rivera's claims against them in their individual capacity; (7) Rivera's request for preliminary and permanent injunctions are legally defective; and (8) defendants are entitled to an order granting summary judgment as a matter of law. Defs.' Mot. 3–4. The magistrate judge recommends that the court grant defendants' motion for summary judgment and dismiss Rivera's claims

4

because he failed to exhaust his administrative remedies and is therefore barred from seeking relief.  R&R 3–8.

Under § 1997e(a) of the Prison Litigation Reform Act ("PLRA") "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Thus, under the PLRA, Rivera must exhaust all administrative remedies prior to bringing a § 1983 action.  Id.  Despite the exhaustion requirement, administrative remedies will be deemed exhausted if a prisoner fails to receive a timely determination after filing a grievance.  Whitington v. Ortiz, 472 F.3d 804, 807–08 (10th Cir. 2007); Boyd v. Corrs. Corp. of Am., 380 F.3d 989, 996 (6th Cir. 2004) ("Following the lead of the four other circuits that have considered the issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) ("We join the Eighth and Fifth circuits on this issue because we refuse to interpret the PLRA 'so narrowly . . . as to permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.'" (citation omitted)).

Under the PLRA, failure to exhaust administrative remedies is an affirmative defense, and an inmate is not required to plead or demonstrate in his complaint that he has exhausted such administrative remedies.  Jones v. Bock, 549 U.S. 199, 216 (2007).  Rather, the defendant bears the burden to establish a prisoner's failure to exhaust.  Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).  A district court is permitted to address the issue of exhaustion sua sponte, however, and may dismiss the complaint without

input from defendant if the "failure to exhaust is apparent from the face of the complaint," and the inmate has been provided an opportunity to respond on the exhaustion issue. Anderson, 407 F.3d at 682.

The GCDC Grievance Policy, attached to defendants' motion, provides that "[a]n inmate may file a formal, written grievance by completing an Inmate Request Form, GCDC Form 502, any time within fifteen days after a potentially grievable event has occurred." Defs.' Mot. Ex. 2, at 6. The grievance form is then forwarded to the Building Supervisor or Watch Commander. Id. at 7. "When an answer is not to the satisfaction of the inmate, or the Building Supervisor or Watch Commander is unable to resolve the complaint by the end of their shift, the grievance is forwarded to the Jail Administrator." Id. The Jail Administrator will then "review the grievance to determine if any policies and procedures were or are being violated [and] [t]he inmate will be notified of the Jail Administrator's decision and the reason listed in the 'Action Taken' portion of the Inmate Request Form normally within five days." Id. "If the grievance is not resolved to the inmate's satisfaction, the inmate may make a final appeal to the Assistant County Administrator for the Department of Public Safety within 5 days of notification of the Jail Administrator's decision." Id. The Assistant County Administrator for the Department of Public Safety's decision is GCDC's final response to a grievance.

Defendants contend that Rivera never appealed the Jail Administrator's decision to the Assistant County Administrator. Rivera filed a grievance related to the February 5, 2015 incident on February 28, 2015, eight days after the 15-day deadline outlined in SCDC grievance procedure. The Jail Administrator reviewed Rivera's grievance and determined that the incident was handled properly. Rivera was notified of the decision

on March 2, 2015.  Pursuant to GCDC grievance policy, Rivera had five days after receiving notice of the Jail Administrator's decision to file an appeal to the Assistant County Administrator for the Department of Public Safety.  Therefore, Rivera had until March 7, 2015 to file an appeal.

Although Rivera contends that prison officials never responded to his grievance, the record demonstrates that Rivera was notified of the Jail Administrator's decision on March 2, 2015.  Officer Bodiford, the Jail Administrator at GCDC, submitted an affidavit in which he avers that inmates are provided a copy of the grievance policy in the GCDC Inmate Orientation Handbook.   Defs.' Mot. Ex A., ¶ 4; see also Ex. B, 16–18 (GCDC Inmate Orientation Handbook).  Officer Bodiford further states that Rivera filed a GCDC Form 502 relating to the February 5, 2015 incident on February 28, 2015.  Id. ¶ 8.  Officer Bodiford responded to the request on March 2, 2015, and Rivera was notified of his decision.  Id.  Officer Bodiford states that GCDC has no record of any appeals submitted by Rivera regarding the February 28, 2015 GCDC Form 502 that he filed.  Id. ¶ 9.

In support of his opposition to defendants' motion for summary judgment, Rivera submitted documents to the court that he received in response to a subpoena request.  ECF No. 86.  Rivera's February 28, 2015 grievance is included in those documents.  The "Action Taken" section of the form states:  "Your incident was reviewed by the jail administrator, he determined the incident was handled properly."  Id. at 5.  Officer Bodiford's signature, dated March 2, 2015, is affixed to the grievance.  Id.  Rivera's initials are written on the "Yes" line next to the "Inmate Notified" portion of the form.  Id.

Although Rivera contends that he never received a response to his grievance and that prison officials forged his initials, Pl.'s Objections 2, such assertions are unsupported by any evidence in the record and lack any merit. Rivera's assertions are contrary to the evidence in the record, including Officer Bodiford's sworn affidavit and Rivera's signed grievance, submitted by Rivera himself. See Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985), overruled on other grounds, 490 U.S. 228 (1989). In deciding a motion for summary judgment, "the court must assume the truth of all statements proffered by the non-movant except for conclusory allegations lacking any factual basis in the record." Cole v. Boeing Co., 75 F. Supp. 3d 70, 81 (D.D.C. 2014). Rivera has failed to provide any evidence that he appealed the Jail Administrator's decision. Thus, his claims must be dismissed for failure to exhaust. See, e.g., Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming court's holding that inmate failed to exhaust his administrative remedies when he failed to appeal the denial of his grievance to the intermediate or final appeal levels); Johnson v. Ozmint, 567 F. Supp. 2d 806, 814 (D.S.C. 2008) (granting summary judgment because "[t]here [was] no evidence that Plaintiff appealed the initial denial of his grievance relating to his cell door being locked" or otherwise properly filed grievances relating to his claims); Sheldon v. Bledsoe, No. 7:06-cv-00049, 2007 WL 806124, at *5 (W.D. Va. Mar. 15, 2007) (granting defendants' motion for summary judgment when the plaintiff "allege[d] no facts and offer[ed] no documentation on which a jury could find in his favor on the issue of whether or not he exhausted administrative remedies as to any of his claims"); Harvey v. City of Philadelphia, 253 F. Supp. 2d 827, 829 (E.D. Pa. 2003) (granting summary judgment where the plaintiff claimed to have exhausted his administrative remedies but failed to

present any evidence to create an issue of fact when defendants presented evidence that he did not pursue his administrative remedies)

To the extent that Rivera alleges that prison officials failed to follow established SCDC grievance procedures, it is well settled that inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").[2] Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates. See id.; see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, even if corrections officials fail to properly apply an inmate grievance procedure, such failure is not actionable under 42 U.S.C. § 1983. Id.; see also Johnson, 567 F. Supp. 2d at 823 ("[T]o the extent Plaintiff's claim is that the Department of Corrections failed to follow its own policies and procedures . . . , this assertion also fails to set forth a claim of constitutional magnitude, as the failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation."). Moreover, while prison officials were not required to accept Rivera's late grievance, see Ngo, 126 S.Ct. at 2384–86 (upholding district court's finding that plaintiff failed to properly exhaust all available administrative remedies where initial grievance was rejected because it was not filed within the 15 working day period

---

[2] Rivera alleges that his grievance should not have been processed by prison officials because he submitted the grievance beyond the fifteen day deadline. Pl.'s Objections 2. Therefore, Rivera argues that prison officials failed to follow grievance procedures. Id. Aside from the fact that Rivera's grievance was filed after the allotted fifteen-day window, 42 U.S.C. § 1983 is not the proper vehicle to allege official noncompliance with SCDC grievance procedures. See Adams, 40 F.3d at 75.

9

prescribed by the regulations of the California Department of Corrections), their acceptance of his late grievance does not excuse the requirements of the PLRA.

Therefore, because Rivera failed to exhaust his administrative remedies, his claims must be dismissed.[3]

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** defendants' motion for summary judgment.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel is **DENIED.**

AND IT IS SO ORDERED.

David C. Norton
United States District Judge

June 17, 2016
Charleston, South Carolina

---

[3] Because the court finds that Rivera failed to exhaust his remedies, the court need not address defendants' remaining arguments in their motion for summary judgment.